IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE CAVELLE, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Civil Action No. 1:17-cv-5409 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| CHICAGO TRANSIT AUTHORITY, | ) | |
| DORVAL R. CARTER, JR., individually, | ) | |
| JOHN DOE 1, and JOHN DOE 2, | ) | |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANT PRESIDENT CARTER'S RESPONSES TO
PLAINTIFF'S FIRST SUPPLEMENTAL INTERROGATORIES**

Defendant President Dorval R. Carter, Jr. ("President Carter"), by his undersigned attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, makes the following answers and objections to Plaintiff's First Supplemental Interrogatories to Defendant Dorval Carter, dated December 14, 2018.

**GENERAL OBJECTIONS**

1.  President Carter objects to the Interrogatories to the extent they seek information subject to the attorney-client privilege, or the work product doctrine. By providing answers to the Interrogatories, President Carter does not waive, intentionally or otherwise, the attorney-client privilege, or work product protection, protecting its communications, transactions or records from disclosure. Inadvertent production of information or documents inconsistent with the foregoing is wholly in error and by mistake and not a waiver of any such privilege or protection.

2.  The information contained in these Responses to Plaintiff's First Supplemental Interrogatories is based upon the facts and information currently known by President Carter.

1

President Carter reserves the right to supplement and to amend these Responses should additional facts and information be discovered. President Carter further reserves the right to rely upon and to present as evidence at trial such additional information as may be discovered and/or developed during the course of this litigation.

3. By providing answers in response to the Interrogatories, President Carter is not, in any way, waiving, but rather, intends to preserve and preserves:

    A. all objections of President Carter as to competency, relevancy, materiality, and admissibility of the Interrogatories, answers or the subject matter thereof;

    B. all rights of President Carter to object on any grounds to the use of any of the answers, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action; and

    C. all rights of President Carter to object on any grounds to any request for further answers to these or any other Interrogatories or any other discovery requests involving or related to the subject matter of these Interrogatories.

4. President Carter objects to the Interrogatories to the extent they are not limited in time and scope.

5. President Carter objects to the Interrogatories to the extent they attempt to impose obligations which exceed the requirements of the Federal Rules of Civil Procedure.

6. President Carter objects to the Interrogatories to the extent any or all of them purport to request information outside his possession, custody, or control.

Without waiving any of the foregoing general objections, each of which is expressly incorporated into each individual response as if fully forth therein, President Carter responds to the Interrogatories as follows:

## INTERROGATORIES

1. Identify all persons providing information in response to these Interrogatories and identify the interrogatories to which they have provided information.

**ANSWER:** Subject to and without waiving any of the general objections, President Carter responded to these Interrogatories, in consultation with counsel representing Defendants in this case, Taft Stettinius & Hollister LLP.

2. Identify all email accounts, personal and business, used by Dorval Carter form 2015 to the present day.

**ANSWER:** President Carter objects to this Interrogatory on the grounds that it is overly broad in time and scope, the burden of the Interrogatory outweighs any potential benefit, and it is not reasonably calculated to lead to the discovery of admissible evidence. President Carter further objects on the grounds that this Interrogatory is harassing and unnecessarily intrusive. Finally, President Carter objects on the grounds that the timing of this Interrogatory is unreasonable, given that the close of discovery is imminent.

3. Identify all phones and phone numbers assigned to, owned by, or utilized by Dorval Carter, both personal and for business, since 2015. For Defendant Carter's phones, identify the phone by manufacturer, model number and IMEI code (International Mobile Equipment Identity). For Defendant Carter's phone number accounts, identify the carrier and the period in which the account was open.

**ANSWER:** President Carter objects to this Interrogatory on the grounds that it is vague, overly broad in time and scope, the burden of the Interrogatory outweighs any potential benefit, and it is not reasonably calculated to lead to the discovery of admissible evidence. President Carter further objects on the grounds that this Interrogatory is harassing and unnecessarily intrusive. Finally, President Carter objects on the grounds that the timing of this Interrogatory is unreasonable, given that the close of discovery is imminent.

4. Identify all complaints of any kind filed against David Kowalski, made to CTA Human Resources, or made to any other CTA or City of Chicago administrative personnel with respect to David Kowalski. For each instance, cite the approximate date the issue was raised, the nature of the complaint or issue raised, and whether an investigation was initiated.

**ANSWER:** President Carter objects to this Interrogatory on the grounds that it is overly broad in time and scope, it is unduly burdensome, the burden of the Interrogatory outweighs any potential benefit, and it is not reasonably calculated to lead to the discovery of admissible evidence. President Carter also objects to this Interrogatory to the extent that it requests materials protected by attorney-client privilege or the work product doctrine. Subject to and without waiving these objections or any of the general objections, President Carter states that he has no knowledge of the existence of any such complaints.

5. Identify all complaints of any kind filed against Dorval Carter, made to CTA Human Resources, or made to any other CTA or City of Chicago administrative personnel with respect to Dorval Carter. For each instance, cite the approximate date the issue was raised, the nature of the complaint or issue raised, and whether an investigation was initiated.

**ANSWER:** President Carter objects to this Interrogatory on the grounds that it is overly broad in time and scope, it is unduly burdensome, the burden of the Interrogatory outweighs any potential benefit, and it is not reasonably calculated to lead to the discovery of admissible evidence. President Carter also objects to this Interrogatory to the extent that it requests materials protected by attorney-client privilege or the work product doctrine. Subject to and without waiving these objections or any of the general objections, President Carter states that he has no knowledge of the existence of any such complaints.

6. Identify all steps Defendant took to determine, and the result of any investigation into, who created copies of Exhibit B to the Complaint, how CTA systems were used to create Exhibit B, when Defendants learned that CTA systems had been used to create Exhibit B, where Exhibit B was displayed, and who was responsible for posting Exhibit B at various CTA locations and properties.

**ANSWER:** President Carter objects to this Interrogatory on the grounds that it is overly broad in time and scope, it is unduly burdensome, the burden of the Interrogatory outweighs any potential benefit, and it is not reasonably calculated to lead to the discovery of admissible evidence. President Carter also objects to this Interrogatory to the extent that it requests materials protected by attorney-client privilege or the work product doctrine. President Carter further objects to the use of the term "CTA systems" as vague, undefined, and overly broad. Subject to and without waiving these objections or any of the general objections, President Carter states that he has no knowledge of the information requested in this Interrogatory.

Dated: March 5, 2019

Respectfully submitted,

**Chicago Transit Authority**

By:   s/ Elizabeth E. Babbitt
      One of its Attorneys

Elizabeth E. Babbitt
ebabbitt@taftlaw.com
John F. Kennedy
jkennedy@taftlaw.com
Allison E. Czerniak
aczerniak@taftlaw.com
Paul J. Coogan
pcoogan@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Dr., Suite 2800
Chicago, IL 60601

24574019.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE CAVELLE, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Civil Action No. 1:17-cv-5409 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| CHICAGO TRANSIT AUTHORITY, ) | |
| DORVAL R. CARTER, JR., individually, ) | |
| JOHN DOE 1, and JOHN DOE 2, ) | |
| ) | |
| *Defendants*. ) | |

**DEFENDANT PRESIDENT CARTER'S RESPONSES TO
PLAINTIFF'S FIRST SUPPLEMENTAL DOCUMENT REQUESTS**

Defendant President Dorval R. Carter, Jr. ("President Carter"), by his undersigned attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, makes the following answers and objections to Plaintiff's First Supplemental Document Requests to Defendant Dorval Carter, dated December 14, 2018.

**GENERAL OBJECTIONS**

1. President Carter objects to Plaintiff's First Supplemental Document Requests to the extent they seek information subject to the attorney-client privilege or the work product doctrine. By providing answers to the Requests, President Carter does not waive, intentionally or otherwise, the attorney-client privilege or work product protection, protecting its communications, transactions or records from disclosure. Inadvertent production of information or documents inconsistent with the foregoing is wholly in error and by mistake and not a waiver of any such privilege or protection.

1

2. The information contained in these Responses to Plaintiff's First Supplemental Document Requests is based upon information currently known by President Carter. President Carter reserves the right to supplement and to amend these Responses should additional facts and information be discovered. President Carter further reserves the right to rely upon and to present as evidence at trial such additional information as may be discovered and/or developed during the course of this litigation.

3. By providing answers to or the production of documents in response to the Requests, President Carter is not, in any way, waiving, but rather, intends to preserve and preserves:

    A. all objections of President Carter as to competency, relevancy, materiality, and admissibility of the Requests, answers or the subject matter thereof;

    B. all rights of President Carter to object on any grounds to the use of any of the answers, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action; and

    C. all rights of President Carter to object on any grounds to any request for further answers to these or any other Requests or any other discovery requests involving or related to the subject matter of these Requests.

4. President Carter objects to the Requests to the extent they are not limited in time and scope.

5. President Carter objects to the Requests to the extent that they attempt to impose obligations which exceed the requirements of the Federal Rules of Civil Procedure.

6. President Carter objects to the Requests to the extent that any or all of them purport to request information outside his possession, custody, or control.

Without waiving any of the foregoing general objections, each of which is expressly incorporated into each individual response as if fully forth therein, President Carter responds to the Requests as follows:

### DOCUMENT REQUESTS

1. Any and all emails, texts, or other communications to or from Dorval Carter between 2015 and the present that relate to George Cavelle or the instant case on any device, email account, or other medium referenced in Defendants' Answer to Plaintiff's Supplemental Interrogatories.

**ANSWER:** President Carter objects to this Request on the grounds that it is overly broad in time and scope, it is unduly burdensome, the burden of the Request outweighs any potential benefit, and it is not reasonably calculated to lead to the discovery of admissible evidence. President Carter also objects to this Request to the extent that it requests materials protected by attorney-client privilege or the work product doctrine. Finally, President Carter objects to this Request on the grounds that it is duplicative and requests materials President Carter and/or Defendant CTA has already provided in its initial disclosures or through supplemental productions.

2. Any and all documents or records relating to any complaint or investigation of Dorval Carter and/or David Kowalski referenced in Defendants' Answer to Plaintiff's Supplemental Interrogatories.

**ANSWER:** President Carter objects to this Request on the grounds that it is vague, overly broad in time and scope, unduly burdensome, the burden of the Request outweighs any potential benefit, and it is not reasonably calculated to lead to the discovery of admissible evidence. President Carter also objects to this Request to the extent that it requests materials protected by attorney-client privilege or the work product doctrine. Subject to and without waiving these objections or any of the general objections, President Carter states that he does not possess materials responsive to this Request.

3

    3.      The employment file of the individual who was hired/promoted/reassigned to take Plaintiff's position at CTA after Plaintiff's separation.

**ANSWER:** President Carter objects to this Request on the grounds that it is overly broad in time and scope, it is unduly burdensome, the burden of the Request outweighs any potential benefit, and it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections or any of the general objections, President Carter states that he does not possess materials responsive to this Request.

    4.      To the extent it has not been included in response to Request No. 3 above, any and all documents or records relating to the job search that was done to replace Plaintiff after his separation, including, but not be limited to, postings announcing the position's availability, applications/resumes that were submitted, interview notes relative to prospective candidates, lists of prospective candidates to be interviewed, and any and all other materials relating to the process that was followed to replace plaintiff after his separation.

**ANSWER:** President Carter objects to this Request on the grounds that it is overly broad in time and scope, it is unduly burdensome, the burden of the Request outweighs any potential benefit, and it is not reasonably calculated to lead to the discovery of admissible evidence. President Carter also objects to this Request to the extent that it requests materials protected by attorney-client privilege or the work product doctrine. Subject to and without waiving these objections or any of the general objections, President Carter states that he does not possess materials responsive to this Request.

    5.      Any and all documents or records relating to "the Holiday Train Fund" compiled or maintained while David Kowalski was primarily responsible for the management of the Fund.

**ANSWER:** President Carter objects to this Request on the grounds that it is overly broad in time and scope, it is unduly burdensome, the burden of the Request outweighs any

potential benefit, and it is not reasonably calculated to lead to the discovery of admissible evidence. President Carter also objects to this Request to the extent that it requests materials protected by attorney-client privilege or the work product doctrine. Finally, President Carter objects to this Request on the grounds that it is duplicative and requests materials Defendant CTA has already provided in its initial disclosures or through supplemental productions. Subject to and without waiving these objections or any of the general objections, President Carter states that he does not possess materials responsive to this Request.

Dated: March 5, 2019

Respectfully submitted,

**Chicago Transit Authority**

By: s/ Elizabeth E. Babbitt
One of its Attorneys

Elizabeth E. Babbitt
ebabbitt@taftlaw.com
John F. Kennedy
jkennedy@taftlaw.com
Allison E. Czerniak
aczerniak@taftlaw.com
Paul J. Coogan
pcoogan@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Dr., Suite 2800
Chicago, IL 60601