**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GEORGE CAVELLE, | |
| Plaintiff, | |
| v. | Case No.: 17-cv-05409 |
| | Judge Robert M. Dow, Jr. |
| CHICAGO TRANSIT AUTHORITY and DORVAL R. CARTER, JR., | Magistrate Judge Gabriel A. Fuentes |
| Defendants. | |

**DEFENDANT CHICAGO TRANSIT AUTHORITY'S**
**MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DISCOVERY**

**Exhibit List**

| | |
|---|---|
| Exhibit A | CTA's Third Supplemental Requests for Production to Plaintiff |
| Exhibit B | Babbitt Email dated March 17, 2020 |
| Exhibit C | Sweeney Email dated March 17, 2020 |
| Exhibit D | Babbitt Email dated March 18, 2020 |
| Exhibit E | Babbitt Email dated March 20, 2020 |
| Exhibit F | Kennedy Email dated April 7, 2020 |
| Exhibit G | Babbitt Email dated April 20, 2020 |
| Exhibit H | Babbitt Email dated April 23, 2020 |
| Exhibit I | Sweeney Email dated April 29, 2020 |
| Exhibit J | Babbitt Email dated May 18, 2020 |

27303501.1

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GEORGE CAVELLE, | |
| Plaintiff, | Case No.: 17-cv-05049 |
| v. | Hon. Robert M. Dow, Jr. |
| CHICAGO TRANSIT AUTHORITY and DORVAL R. CARTER, JR., | Mag. Judge Gabriel A. Fuentes |
| Defendants. | |

**DEFENDANT CHICAGO TRANSIT AUTHORITY'S**
**THIRD SUPPLEMENTAL REQUESTS FOR PRODUCTION TO PLAINTIFF**

Pursuant to Federal Rule of Civil Procedure 34, Defendant Chicago Transit Authority ("CTA") propounds the following requests for production (collectively, the "Requests") on Plaintiff George Cavelle. Pursuant to Magistrate Judge Fuentes' Order dated February 6, 2020 (Dkt. 143), Plaintiff must serve his responses by no later than March 16, 2020.

**INSTRUCTIONS**

1.      Pursuant to Federal Rule of Civil Procedure 26(e), the Requests are continuing in nature and Plaintiff has a duty to supplement or correct any response with documents or data that would have been responsive had they been in existence or known to Plaintiff at the time the response was made.

2.      Plaintiff's search obligations extend to documents or data maintained in hard copy format and to electronically stored information ("ESI").

3.      Plaintiff must identify the Request(s) to which each document is responsive.

4.      These Requests are to be construed broadly to yield disclosure of as much relevant information as possible.

5.      If Plaintiff withholds any document because of a claim of privilege, Plaintiff must set forth the privilege claimed, the facts upon which Plaintiff relies to support said claim of privilege, and furnish a list identifying each document and thing for which the privilege is claimed, and identify: (1) the date of the document; (2) each and every author of the document; (3) each and every other person who prepared or participated in the preparation of the document; (4) each and every person who received the document; (5) the present location of the document and all copies thereof; (6) each and every person having custody or control of the document and all copies thereof; (7) a description of the document (*e.g.*, email, letter, memorandum, etc.); and (8) the specific reason it was not produced.  This instruction shall not limit the CTA's right to seek an order compelling production of documents Plaintiff contends are privileged.

6.      If Plaintiff claims that any document or documents containing information responsive to these Requests have been destroyed, missing, or lost, the production of which is sought by these Requests, Plaintiff must furnish a list identifying each destroyed, missing or lost document and identify: (1) the date of the document; (2) each and every author of the document; (3) each and every other person who prepared or participated in the preparation of the document; (4) each and every person who received the document; (5) a description of the document (e.g., email, letter, memorandum, etc.); and (6) provide sufficient information explaining the circumstances resulting in the said disposition of the document.

7.      To the extent such material requested has already been produced, Plaintiff is instructed to respond by identifying such responsive material by the bates numbers of the produced materials.

8.      Unless otherwise stated, the time frame contemplated by these Requests is from January 1, 2015, through the present.

## **DEFINITIONS**

1.      "Documents" means all written, printed, typed, graphic, recorded or illustrative matter, computer memory, tapes or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, included but not limited to: letters, words, numbers, pictures, sounds, symbols or any combination thereof, correspondence, envelopes, computer printouts, teletypes, texts, telecopies, memoranda of telephone conversations or personal conversations, diaries, calendars, interoffice communications, records, reports, studies, bills, receipts, checks, invoices, requisitions, tape or disk recordings, papers and forms filed with any court or governmental body, notes, transportation and expense logs or records, work papers, contracts, formal or informal memoranda of meetings, statistical and financial statements, charts, graphs, reports or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had or can obtain access.  The word "documents" extends to data that is stored or maintained only in electronic format.  Any document which contains any comment, notation, addition, insertion, or marking of any kind constitutes a document separate from the unmarked version.  The word "documents" should be construed in the broadest sense possible in responding to these Requests.

2.      "Communication" means any disclosure, transfer, or exchange of information or opinion, however made, including but not limited to written communications, email, text messages, messages or communications shared or stored on social media websites.

3

3.  "Relate to" or "relating to" means pertaining to, referring to, reflecting upon, evidencing, describing, mentioning, summarizing or being in any way legally, logically or factually connected with the matter discussed in the interrogatory.

4.  "Show" means depict, identify, reflect, or report.

## THIRD SUPPLEMENTAL REQUESTS FOR PRODUCTION

1.  Your First Amended Complaint puts the following at issue: Any and all documents and communications, including but not limited to medical records and disclosures, that relate to, show, or indicate in any way the frequency and/or quantity of your use and/or consumption of alcohol between January 1, 2015 and December 31, 2016.

**RESPONSE:**

2.  Your First Amended Complaint puts the following at issue: Any and all documents and communications, including but not limited to medical records and disclosures, that relate to, show, or indicate in any way the frequency and/or quantity of your use and/or consumption of any and all controlled substances and/or prescription drugs between January 1, 2015 and December 31, 2016.

**RESPONSE:**

3.  Your First Amended Complaint puts the following at issue: Any and all documents and communications, including but not limited to any and all mental health records, that relate to, show, or indicate the status of your mental health and wellbeing between January 1, 2015 and December 31, 2016.

**RESPONSE:**

4.      Your First Amended Complaint puts the following at issue: Any and all non-privileged documents and communications relating to your divorce action against Jennifer Sawka, including but not limited to all documents produced and received in discovery, and the Marriage Settlement Agreement.

**RESPONSE:**

5.      Pursuant to CTA's First Supplemental Request for Production #2, and your continuing duty to supplement your initial response to that Request, complete copies of all state and federal income tax returns filed by you that you have not yet produced and/or that have been filed by you since your initial response to CTA's First Supplemental Request for Production #2, including any accompanying schedules, any attachments to such returns and all worksheets used in preparing same, and any requests for tax extensions. This Request also seeks any and all 1099 and W-2 forms received that you have not yet produced and/or that have been received by you since your initial response to CTA's First Supplemental Request for Production #2.

**RESPONSE:**

6.      A privilege log for any responsive documents withheld pursuant to a claimed privilege.

**RESPONSE:**

Dated:  February 14, 2020                                  Respectfully submitted,

                                                          **Chicago Transit Authority**


                                            By:   s/ Paul J. Coogan
                                                  _____
                                                  One of its Attorneys

Elizabeth E. Babbitt
ebabbitt@taftlaw.com
John F. Kennedy
jkennedy@taftlaw.com
Allison E. Czerniak
aczerniak@taftlaw.com
Paul J. Coogan
pcoogan@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Dr., Suite 2800
Chicago, IL 60601

26704255.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GEORGE CAVELLE, | |
| Plaintiff, | |
| v. | Case No.:  17-cv-05049 |
| | Hon. Robert M. Dow, Jr. |
| CHICAGO TRANSIT AUTHORITY and DORVAL R. CARTER, JR., | Mag. Judge Gabriel A. Fuentes |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2020, I served ***Defendant Chicago Transit Authority's Third Supplemental Requests for Production*** on counsel of record for Plaintiff via email and U.S. Mail.

**Robert D. Sweeney**
rsweeney@ssbpartners.com
**John J. Scharkey**
jscharkey@ssbpartners.com
111 W. Washington Street
Suite 1160
Chicago, Illinois 60602
(312) 384-0500

Dated: February 14, 2020                                    Respectfully submitted,

                                                                        /s/ Paul J. Coogan

# EXHIBIT B

**Coogan, Paul J.**

| | |
|---|---|
| **From:** | Babbitt, Elizabeth E. |
| **Sent:** | Tuesday, March 17, 2020 4:40 PM |
| **To:** | Robert D. Sweeney; John Scharkey |
| **Cc:** | Kennedy, John; Czerniak, Allison E.; Coogan, Paul J. |
| **Subject:** | RE: Cavelle v. Chicago Transit Authority |

Counsel, in light of the order from the N.D. Ill., we will be moving Mr. Cavelle's deposition to a date after April 6, 2020.  Plaintiff's answers to the supplemental discovery were due yesterday, though we did not hear from you.

Please identify dates in April which would work for the Plaintiff's deposition.  We won't depose Plaintiff without receiving the responsive discovery.

It would be helpful if you would respond to our emails in order to keep moving the case along.

Elizabeth


 **Taft /** **Elizabeth E. Babbitt,** Partner
Litigation
Direct: 312.836.4116 | Office Ext: 34116
Taft Office: Chicago

---

**From:** Babbitt, Elizabeth E.
**Sent:** Tuesday, March 10, 2020 2:43 PM
**To:** 'Robert D. Sweeney' <rsweeney@ssbpartners.com>; John Scharkey <jscharkey@ssbpartners.com>
**Cc:** Kennedy, John <jkennedy@taftlaw.com>; Czerniak, Allison E. <aczerniak@taftlaw.com>; Coogan, Paul J. <PCoogan@taftlaw.com>
**Subject:** Cavelle v. Chicago Transit Authority

Please see attached.

Regards,

Elizabeth

# EXHIBIT C

**Coogan, Paul J.**

| | |
|---|---|
| **From:** | Robert D. Sweeney <rsweeney@ssbpartners.com> |
| **Sent:** | Tuesday, March 17, 2020 5:15 PM |
| **To:** | Babbitt, Elizabeth E. |
| **Cc:** | John J. Scharkey; Kennedy, John; Czerniak, Allison E.; Coogan, Paul J. |
| **Subject:** | Re: Cavelle v. Chicago Transit Authority |

Counsel,

We will inquire with Mr. Cavelle regarding new dates for his deposition. We will also need to continue the March 30 date for Mr. Keating. Please inquire with him as to dates after April 6.

With respect to the document production, our office is closed, but we are making arrangements to compile documents that respond to your latest requests. My hope is we will have those to you shortly but given we are dependent on other firms for some of that production it has been a challenge. We will keep you updated.

Regards,

Bob

**Robert D. Sweeney**
Sweeney, Scharkey & Blanchard LLC
230 West Monroe Street
Suite 1500
Chicago, Illinois 60606
Direct (312) 384-1255
rsweeney@ssbpartners.com
www.ssbpartners.com

SWEENEY | SCHARKEY | BLANCHARD

Confidentiality Notice: This email may contain privileged or confidential information. Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

> On Mar 17, 2020, at 4:40 PM, Babbitt, Elizabeth E. <ebabbitt@taftlaw.com> wrote:
>
> Counsel, in light of the order from the N.D. Ill., we will be moving Mr. Cavelle's deposition to a date after April 6, 2020.  Plaintiff's answers to the supplemental discovery were due yesterday, though we did not hear from you.
>
> Please identify dates in April which would work for the Plaintiff's deposition.  We won't depose Plaintiff without receiving the responsive discovery.
>
> It would be helpful if you would respond to our emails in order to keep moving the case along.
>
> Elizabeth

**Taft /**

**Elizabeth E. Babbitt**
Partner
ebabbitt@taftlaw.com
Dir: 312.836.4116
Tel: 312.527.4000  |  Fax: 312.966.8556
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601-3713


**Taft Bio**
**Download vCard**
**taftlaw.com**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** Babbitt, Elizabeth E.
**Sent:** Tuesday, March 10, 2020 2:43 PM
**To:** 'Robert D. Sweeney' <rsweeney@ssbpartners.com>; John Scharkey <jscharkey@ssbpartners.com>
**Cc:** Kennedy, John <jkennedy@taftlaw.com>; Czerniak, Allison E. <aczerniak@taftlaw.com>; Coogan, Paul J. <PCoogan@taftlaw.com>
**Subject:** Cavelle v. Chicago Transit Authority

Please see attached.

Regards,

Elizabeth

# EXHIBIT D

**Coogan, Paul J.**

| | |
|---|---|
| **From:** | Babbitt, Elizabeth E. |
| **Sent:** | Wednesday, March 18, 2020 10:19 AM |
| **To:** | Robert D. Sweeney |
| **Cc:** | John J. Scharkey; Kennedy, John; Czerniak, Allison E.; Coogan, Paul J. |
| **Subject:** | RE: Cavelle v. Chicago Transit Authority |

Bob – thanks for your response. We are confirming Mr. Keating's availability.  Please let us know Plaintiff's.

We would welcome your discovery production on a rolling basis.

Elizabeth


# Taft /   **Elizabeth E. Babbitt,** Partner
Litigation
Direct: 312.836.4116 | Office Ext: 34116
Taft Office: Chicago

**From:** Robert D. Sweeney <rsweeney@ssbpartners.com>
**Sent:** Tuesday, March 17, 2020 5:15 PM
**To:** Babbitt, Elizabeth E. <ebabbitt@taftlaw.com>
**Cc:** John J. Scharkey <jscharkey@ssbpartners.com>; Kennedy, John <jkennedy@taftlaw.com>; Czerniak, Allison E. <aczerniak@taftlaw.com>; Coogan, Paul J. <PCoogan@taftlaw.com>
**Subject:** Re: Cavelle v. Chicago Transit Authority

Counsel,

We will inquire with Mr. Cavelle regarding new dates for his deposition. We will also need to continue the March 30 date for Mr. Keating. Please inquire with him as to dates after April 6.

With respect to the document production, our office is closed, but we are making arrangements to compile documents that respond to your latest requests. My hope is we will have those to you shortly but given we are dependent on other firms for some of that production it has been a challenge. We will keep you updated.

Regards,

Bob


**Robert D. Sweeney**
Sweeney, Scharkey & Blanchard LLC
230 West Monroe Street
Suite 1500
Chicago, Illinois 60606
Direct (312) 384-1255
rsweeney@ssbpartners.com
www.ssbpartners.com

# SWEENEY | SCHARKEY | BLANCHARD

Confidentiality Notice: This email may contain privileged or confidential information. Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

On Mar 17, 2020, at 4:40 PM, Babbitt, Elizabeth E. <ebabbitt@taftlaw.com> wrote:

Counsel, in light of the order from the N.D. Ill., we will be moving Mr. Cavelle's deposition to a date after April 6, 2020.  Plaintiff's answers to the supplemental discovery were due yesterday, though we did not hear from you.

Please identify dates in April which would work for the Plaintiff's deposition.  We won't depose Plaintiff without receiving the responsive discovery.

It would be helpful if you would respond to our emails in order to keep moving the case along.

Elizabeth



**Elizabeth E. Babbitt**
Partner
ebabbitt@taftlaw.com
**Dir:** 312.836.4116
**Tel:** 312.527.4000  |  **Fax:** 312.966.8556
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601-3713

**Taft Bio**
**Download vCard**
**taftlaw.com**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Babbitt, Elizabeth E.
**Sent:** Tuesday, March 10, 2020 2:43 PM
**To:** 'Robert D. Sweeney' <rsweeney@ssbpartners.com>; John Scharkey <jscharkey@ssbpartners.com>
**Cc:** Kennedy, John <jkennedy@taftlaw.com>; Czerniak, Allison E. <aczerniak@taftlaw.com>; Coogan, Paul J. <PCoogan@taftlaw.com>
**Subject:** Cavelle v. Chicago Transit Authority

Please see attached.

Regards,

Elizabeth

# EXHIBIT E

**Coogan, Paul J.**

| | |
|---|---|
| **From:** | Babbitt, Elizabeth E. |
| **Sent:** | Friday, March 20, 2020 11:39 AM |
| **To:** | Robert D. Sweeney |
| **Cc:** | John J. Scharkey; Kennedy, John; Czerniak, Allison E.; Coogan, Paul J. |
| **Subject:** | RE: Cavelle v. Chicago Transit Authority |

Bob – what dates are you proposing for Plaintiff's deposition?  As I said in my last email, a rolling production of responsive materials would be helpful.

Thanks,
Elizabeth


# Taft /  **Elizabeth E. Babbitt,** Partner

Litigation
Direct: 312.836.4116 | Office Ext: 34116
Taft Office: Chicago

---

**From:** Robert D. Sweeney <rsweeney@ssbpartners.com>
**Sent:** Tuesday, March 17, 2020 5:15 PM
**To:** Babbitt, Elizabeth E. <ebabbitt@taftlaw.com>
**Cc:** John J. Scharkey <jscharkey@ssbpartners.com>; Kennedy, John <jkennedy@taftlaw.com>; Czerniak, Allison E. <aczerniak@taftlaw.com>; Coogan, Paul J. <PCoogan@taftlaw.com>
**Subject:** Re: Cavelle v. Chicago Transit Authority

Counsel,

We will inquire with Mr. Cavelle regarding new dates for his deposition. We will also need to continue the March 30 date for Mr. Keating. Please inquire with him as to dates after April 6.

With respect to the document production, our office is closed, but we are making arrangements to compile documents that respond to your latest requests. My hope is we will have those to you shortly but given we are dependent on other firms for some of that production it has been a challenge. We will keep you updated.

Regards,

Bob


**Robert D. Sweeney**
Sweeney, Scharkey & Blanchard LLC
230 West Monroe Street
Suite 1500
Chicago, Illinois 60606
Direct (312) 384-1255
rsweeney@ssbpartners.com
www.ssbpartners.com

SWEENEY | SCHARKEY | BLANCHARD

Confidentiality Notice: This email may contain privileged or confidential information. Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

On Mar 17, 2020, at 4:40 PM, Babbitt, Elizabeth E. <ebabbitt@taftlaw.com> wrote:

Counsel, in light of the order from the N.D. Ill., we will be moving Mr. Cavelle's deposition to a date after April 6, 2020.  Plaintiff's answers to the supplemental discovery were due yesterday, though we did not hear from you.

Please identify dates in April which would work for the Plaintiff's deposition.  We won't depose Plaintiff without receiving the responsive discovery.

It would be helpful if you would respond to our emails in order to keep moving the case along.

Elizabeth


**Taft /**

**Elizabeth E. Babbitt**
Partner
ebabbitt@taftlaw.com
**Dir:** 312.836.4116
**Tel:** 312.527.4000   |   **Fax:** 312.966.8556
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601-3713

**Taft Bio**
**Download vCard**
**taftlaw.com**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Babbitt, Elizabeth E.
**Sent:** Tuesday, March 10, 2020 2:43 PM
**To:** 'Robert D. Sweeney' <rsweeney@ssbpartners.com>; John Scharkey <jscharkey@ssbpartners.com>
**Cc:** Kennedy, John <jkennedy@taftlaw.com>; Czerniak, Allison E. <aczerniak@taftlaw.com>; Coogan, Paul J. <PCoogan@taftlaw.com>
**Subject:** Cavelle v. Chicago Transit Authority

Please see attached.

Regards,

Elizabeth

# EXHIBIT F

**Coogan, Paul J.**

| | |
|---|---|
| **From:** | Kennedy, John |
| **Sent:** | Tuesday, April 7, 2020 2:22 PM |
| **To:** | Robert D. Sweeney |
| **Cc:** | John J. Scharkey; Czerniak, Allison E.; Coogan, Paul J.; Babbitt, Elizabeth E. |
| **Subject:** | RE: Activity in Case 1:17-cv-05409 Cavelle v. Chicago Transit Authority |

Dear Bob: Hi.

Good afternoon.

I hope you and your family are doing well under the circumstances.

This email is in furtherance of attempting to resolve discovery issues by agreement and without resort to motion practice.

THE POSTER

Plaintiff's amended complaint continues to put at issue a poster as part of his lawsuit against the CTA and President Carter. The affirmative evidence shows that the CTA did not create the poster. Mr. Cavelle has not provided any evidence authenticating the poster as a document created by the defendants. At best, he claims he received the poster on his cell phone several months after he was separated from the CTA.

Consequently, the defendants request that Mr. Cavelle provide the subject phone for forensic imaging and search for relevant information concerning the poster. Please advise.

As you know, Judge Dow has taken under further advisement (then Magistrate ) Judge Rowland's recommendation to strike the poster from the case in light of Mr. Cavelle's and your misconduct under the law. The defendants reserve their rights to further inform the court of the efficacy of imposing this sanction, under the circumstances.

DAMAGES

Mr. Cavelle's acts and omissions as revealed in his divorce court proceedings have raised additional issues on his alleged damages in this case, and also constitute admissible evidence under FRE 404(b).

This is to request that Mr. Cavelle supplement his discovery regarding his alleged damages in this case. As you know, the court docket in Mr. Cavelle's divorce case pending in the Circuit Court of Cook County reveals that the court has found that Mr. Cavelle failed to disclose this lawsuit as a marital asset to his ex-spouse and that his ex-spouse has a percentage interest in

any favorable judgment to Mr. Cavelle, which increases from 60%, to 75% if the state court finds Mr. Cavelle defrauded his ex-wife. The docket also shows that a judgment in favor of Mr. Cavelle is subject to an undisclosed contingency fee agreement between you and Mr. Cavelle.

This is to request that Mr. Cavelle supplement his discovery obligations under oath by providing a copy of the contingency fee agreement between Mr. Cavelle and your firm ( and any other fee agreements/referral fee arrangements, etc.) and all communications between Mr. Cavelle and/or your firm with the ex-spouse and/or her counsel relating in any way to this lawsuit and/or the state court's order.

Consider the following damages illustration. On the hypothetical $10 award, if your firm's contingency fee is 33% of the $10 award, the simple math is that your firm would get $3.30. If Mr. Cavelle must pay his ex-spouse, 60% of the award, the simple math is Mr. Cavelle would need to pay his ex-spouse $6—60% of $10.That would leave Mr. Cavelle to receive 70 cents.

Should Mr. Cavelle attempt to assert the attorney-client privilege to the production of this supplemental discovery, please provide any case authority. The facts show that no attorney-client privilege attaches to a contingency fee agreement—no legal advice rendered. Moreover, Mr. Cavelle and his ex-spouse put these matters at issue and, consequently, no privilege can attach.

This information is relevant to Mr. Cavelle's alleged damages in this case, Rule 404(b) and bias, motive and interest. Mr. Cavelle and his ex-spouse are both witnesses in this lawsuit.

We are available to confer on these matter. Please advise.

Thank you.

Stay well.

John

**Taft /**  **John F. Kennedy,** Partner
Litigation
Direct: 312.836.4122 | Office Ext: 34122
Taft Office: Chicago

**From:** Robert D. Sweeney <rsweeney@ssbpartners.com>
**Sent:** Wednesday, March 25, 2020 4:22 PM
**To:** Babbitt, Elizabeth E. <ebabbitt@taftlaw.com>
**Cc:** Frances H. Krasnow (fkrasnow@harrisonheld.com) <fkrasnow@harrisonheld.com>; hhuntington@harrisonheld.com;
John J. Scharkey <jscharkey@ssbpartners.com>; Kennedy, John <jkennedy@taftlaw.com>; Czerniak, Allison E.
<aczerniak@taftlaw.com>; Coogan, Paul J. <PCoogan@taftlaw.com>
**Subject:** RE: Activity in Case 1:17-cv-05409 Cavelle v. Chicago Transit Authority et al order on motion to intervene

Elizabeth,

We conducted a lengthy call last week and we will likely conclude our discussions this week. We should be able to provide you with the position of both sides at that point.

Regards,

Bob


**Robert D. Sweeney**
Sweeney, Scharkey & Blanchard LLC
230 West Monroe Street
Suite 1500
Chicago, Illinois 60606
Direct (312) 384-1255
rsweeney@ssbpartners.com
www.ssbpartners.com

### SWEENEY | SCHARKEY | BLANCHARD

Confidentiality Notice: This email may contain privileged or confidential information. Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**From:** Babbitt, Elizabeth E. <ebabbitt@taftlaw.com>
**Sent:** Wednesday, March 25, 2020 2:39 PM
**To:** Robert D. Sweeney <rsweeney@ssbpartners.com>
**Cc:** Frances H. Krasnow (fkrasnow@harrisonheld.com) <fkrasnow@harrisonheld.com>; hhuntington@harrisonheld.com;
John J. Scharkey <jscharkey@ssbpartners.com>; Kennedy, John <jkennedy@taftlaw.com>; Czerniak, Allison E.
<aczerniak@taftlaw.com>; Coogan, Paul J. <PCoogan@taftlaw.com>
**Subject:** RE: Activity in Case 1:17-cv-05409 Cavelle v. Chicago Transit Authority et al order on motion to intervene

Counsel – what is the status of the agreement between Mr. Cavelle and Ms. Sawka? We would appreciate an update.

Regards,
Elizabeth


To opt in to Taft's daily updates on COVID-19, please subscribe here. For news and advice on coronavirus-related implications, please review our Resource Toolkit anytime.

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If

you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Babbitt, Elizabeth E.
**Sent:** Friday, March 20, 2020 11:37 AM
**To:** 'Robert D. Sweeney' <rsweeney@ssbpartners.com>
**Cc:** Frances H. Krasnow (fkrasnow@harrisonheld.com) <fkrasnow@harrisonheld.com>; hhuntington@harrisonheld.com; John J. Scharkey <jscharkey@ssbpartners.com>; Kennedy, John <jkennedy@taftlaw.com>; Czerniak, Allison E. <aczerniak@taftlaw.com>; Coogan, Paul J. <PCoogan@taftlaw.com>
**Subject:** RE: Activity in Case 1:17-cv-05409 Cavelle v. Chicago Transit Authority et al order on motion to intervene

Counsel: please provide us with an update on your discussions. Thank you.

Elizabeth

**From:** Robert D. Sweeney <rsweeney@ssbpartners.com>
**Sent:** Tuesday, March 17, 2020 5:17 PM
**To:** Babbitt, Elizabeth E. <ebabbitt@taftlaw.com>
**Cc:** Frances H. Krasnow (fkrasnow@harrisonheld.com) <fkrasnow@harrisonheld.com>; hhuntington@harrisonheld.com; John J. Scharkey <jscharkey@ssbpartners.com>; Kennedy, John <jkennedy@taftlaw.com>; Czerniak, Allison E. <aczerniak@taftlaw.com>; Coogan, Paul J. <PCoogan@taftlaw.com>
**Subject:** Re: Activity in Case 1:17-cv-05409 Cavelle v. Chicago Transit Authority et al order on motion to intervene

We intend to speak with counsel for Ms. Sawka this week. We will let you know how those discussions proceed.

Regards,

Bob

**Robert D. Sweeney**
Sweeney, Scharkey & Blanchard LLC
230 West Monroe Street
Suite 1500
Chicago, Illinois 60606
Direct (312) 384-1255
rsweeney@ssbpartners.com
www.ssbpartners.com

## SWEENEY | SCHARKEY | BLANCHARD

Confidentiality Notice: This email may contain privileged or confidential information. Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

On Mar 17, 2020, at 4:49 PM, Babbitt, Elizabeth E. <ebabbitt@taftlaw.com> wrote:

Counsel: can you please advise as to the status of the discussions between Mr. Cavelle and Ms. Sawka regarding Ms. Sawka's intervention request? Defendants would like to know if the two have come to terms on an agreement which might obviate Ms. Sawka's intervention request, and if so, all terms of any such agreement.

Regards,
Elizabeth

# Taft /

**Elizabeth E. Babbitt**
Partner
ebabbitt@taftlaw.com
Dir: 312.836.4116
Tel: 312.527.4000  |  Fax: 312.966.8556
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601-3713

**Taft Bio**
**Download vCard**
**taftlaw.com**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** usdc_ecf_ilnd@ilnd.uscourts.gov <usdc_ecf_ilnd@ilnd.uscourts.gov>
**Sent:** Monday, March 9, 2020 4:39 PM
**To:** ecfmail_ilnd@ilnd.uscourts.gov
**Subject:** Activity in Case 1:17-cv-05409 Cavelle v. Chicago Transit Authority et al order on motion to intervene

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 6.3.2

## Notice of Electronic Filing

The following transaction was entered on 3/9/2020 at 4:39 PM CDT and filed on 3/9/2020

**Case Name:**       Cavelle v. Chicago Transit Authority et al
**Case Number:**     1:17-cv-05409
**Filer:**
**Document Number:** 154

**Docket Text:**
**MINUTE entry before the Honorable Robert M. Dow, Jr: Motion hearing held. Motion by Jennifer Sawka to intervene for limited purposes as a matter of right under Rule 24(a)(2) or, alternatively, permissively under Rule 24(b) [147] is entered and continued to 3/26/2020 at 9:45 a.m. Plaintiff's motion for leave to file his response to Defendants' fee petition instanter [150] is granted. Motion by Defendants Chicago Transit Authority and Dorval Carter, Jr. for leave to file a reply in support of Defendants' fee petition [152] is granted. Notice of motion dates of 3/10/2020 and 3/11/2020 are stricken and no appearances are necessary on those dates. Mailed notice(cdh, )**


**1:17-cv-05409 Notice has been electronically mailed to:**

Robert D. Sweeney       sweeney-ecfs_notice@juralaw.net, rsweeney@ssbpartners.com

Garrett Henry Nye       gnye@sweeneyscharkey.com

John Francis Kennedy       sfdocket@shefskylaw.com, jkennedy@taftlaw.com

John Joseph Scharkey       jscharkey@ssbpartners.com, sweeney-ecfs_notice@juralaw.net

Allison Emma Czerniak       dhamilton@taftlaw.com, chi_docket_assist@taftlaw.com, aczerniak@taftlaw.com

Paul John Coogan       pcoogan@taftlaw.com

Elizabeth Erin Babbitt       pbishton@taftlaw.com, ebabbitt@taftlaw.com, chi_docket_assist@taftlaw.com

Howard LaMar Huntington       lbelmonte@harrisonheld.com, hhuntington@harrisonheld.com

Joanne Hannaway Sweeney       sweeney-ecfs_notice@juralaw.net, jsweeney@ssbpartners.com

**1:17-cv-05409 Notice has been delivered by other means to:**

# EXHIBIT G

**Coogan, Paul J.**

| | |
|---|---|
| **From:** | Babbitt, Elizabeth E. |
| **Sent:** | Monday, April 20, 2020 4:32 PM |
| **To:** | Kennedy, John; Robert D. Sweeney |
| **Cc:** | John J. Scharkey; Czerniak, Allison E.; Coogan, Paul J. |
| **Subject:** | RE: Activity in Case 1:17-cv-05409 Cavelle v. Chicago Transit Authority |

Bob: this is also to request that Plaintiff respond to the written discovery issued on February 14, 2020, which has been due to Defendants for over a month. We would like to avoid filing a motion to compel on this.

Elizabeth



**Elizabeth E. Babbitt,** Partner
Litigation
Direct: 312.836.4116 | Office Ext: 34116
Taft Office: Chicago

**From:** Kennedy, John <jkennedy@taftlaw.com>
**Sent:** Monday, April 20, 2020 10:21 AM
**To:** Robert D. Sweeney <rsweeney@ssbpartners.com>
**Cc:** John J. Scharkey <jscharkey@ssbpartners.com>; Czerniak, Allison E. <aczerniak@taftlaw.com>; Coogan, Paul J. <PCoogan@taftlaw.com>; Babbitt, Elizabeth E. <ebabbitt@taftlaw.com>
**Subject:** RE: Activity in Case 1:17-cv-05409 Cavelle v. Chicago Transit Authority

Bob. Good morning.

Nearly two weeks ago, I sent to you the email below. I have not received any response from your office to the email.

Per Rule 37.2, I renew the defendants' requests for the information requested. It is relevant to the issues in the case and overdue. The court ordered discovery cut-off is approaching and I am hopeful we can avoid motion practice on these issues. I am available to confer with you at a mutually convenient time. Please advise.

In the meantime, I hope you and your family are well.

John

**John F. Kennedy,** Partner
Litigation
Direct: 312.836.4122 | Office Ext: 34122
Taft Office: Chicago

**From:** Kennedy, John
**Sent:** Tuesday, April 7, 2020 2:22 PM
**To:** 'Robert D. Sweeney' <rsweeney@ssbpartners.com>
**Cc:** John J. Scharkey <jscharkey@ssbpartners.com>; Czerniak, Allison E. <aczerniak@taftlaw.com>; Coogan, Paul J.
<PCoogan@taftlaw.com>; Babbitt, Elizabeth E. <ebabbitt@taftlaw.com>
**Subject:** RE: Activity in Case 1:17-cv-05409 Cavelle v. Chicago Transit Authority

Dear Bob: Hi.

Good afternoon.

I hope you and your family are doing well under the circumstances.

This email is in furtherance of attempting to resolve discovery issues by agreement and without resort to motion practice.

THE POSTER

Plaintiff's amended complaint continues to put at issue a poster as part of his lawsuit against the CTA and President Carter. The affirmative evidence shows that the CTA did not create the poster. Mr. Cavelle has not provided any evidence authenticating the poster as a document created by the defendants. At best, he claims he received the poster on his cell phone several months after he was separated from the CTA.

Consequently, the defendants request that Mr. Cavelle provide the subject phone for forensic imaging and search for relevant information concerning the poster. Please advise.

As you know, Judge Dow has taken under further advisement (then Magistrate ) Judge Rowland's recommendation to strike the poster from the case in light of Mr. Cavelle's and your misconduct under the law. The defendants reserve their rights to further inform the court of the efficacy of imposing this sanction, under the circumstances.

DAMAGES

Mr. Cavelle's acts and omissions as revealed in his divorce court proceedings have raised additional issues on his alleged damages in this case, and also constitute admissible evidence under FRE 404(b).

This is to request that Mr. Cavelle supplement his discovery regarding his alleged damages in this case. As you know, the court docket in Mr. Cavelle's divorce case pending in the Circuit Court of Cook County reveals that the court has found that Mr. Cavelle failed to disclose this lawsuit as a marital asset to his ex-spouse and that his ex-spouse has a percentage interest in any favorable judgment to Mr. Cavelle, which increases from 60%, to 75% if the state court

finds Mr. Cavelle defrauded his ex-wife. The docket also shows that a judgment in favor of Mr. Cavelle is subject to an undisclosed contingency fee agreement between you and Mr. Cavelle.

This is to request that Mr. Cavelle supplement his discovery obligations under oath by providing a copy of the contingency fee agreement between Mr. Cavelle and your firm ( and any other fee agreements/referral fee arrangements, etc.) and all communications between Mr. Cavelle and/or your firm with the ex-spouse and/or her counsel relating in any way to this lawsuit and/or the state court's order.

Consider the following damages illustration. On the hypothetical $10 award, if your firm's contingency fee is 33% of the $10 award, the simple math is that your firm would get $3.30. If Mr. Cavelle must pay his ex-spouse, 60% of the award, the simple math is Mr. Cavelle would need to pay his ex-spouse $6—60% of $10.That would leave Mr. Cavelle to receive 70 cents.

Should Mr. Cavelle attempt to assert the attorney-client privilege to the production of this supplemental discovery, please provide any case authority. The facts show that no attorney-client privilege attaches to a contingency fee agreement—no legal advice rendered. Moreover, Mr. Cavelle and his ex-spouse put these matters at issue and, consequently, no privilege can attach.

This information is relevant to Mr. Cavelle's alleged damages in this case, Rule 404(b) and bias, motive and interest. Mr. Cavelle and his ex-spouse are both witnesses in this lawsuit.

We are available to confer on these matter. Please advise.

Thank you.

Stay well.

John

---

**From:** Robert D. Sweeney <rsweeney@ssbpartners.com>
**Sent:** Wednesday, March 25, 2020 4:22 PM
**To:** Babbitt, Elizabeth E. <ebabbitt@taftlaw.com>
**Cc:** Frances H. Krasnow (fkrasnow@harrisonheld.com) <fkrasnow@harrisonheld.com>; hhuntington@harrisonheld.com;
John J. Sharkey <jsharkey@ssbpartners.com>; Kennedy, John <jkennedy@taftlaw.com>; Czerniak, Allison E.
<aczerniak@taftlaw.com>; Coogan, Paul J. <PCoogan@taftlaw.com>
**Subject:** RE: Activity in Case 1:17-cv-05409 Cavelle v. Chicago Transit Authority et al order on motion to intervene

Elizabeth,

We conducted a lengthy call last week and we will likely conclude our discussions this week. We should be able to provide you with the position of both sides at that point.

Regards,

Bob


**Robert D. Sweeney**
Sweeney, Scharkey & Blanchard LLC
230 West Monroe Street
Suite 1500
Chicago, Illinois 60606
Direct (312) 384-1255
rsweeney@ssbpartners.com
www.ssbpartners.com

SWEENEY | SCHARKEY | BLANCHARD

Confidentiality Notice: This email may contain privileged or confidential information. Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Babbitt, Elizabeth E. <ebabbitt@taftlaw.com>
**Sent:** Wednesday, March 25, 2020 2:39 PM
**To:** Robert D. Sweeney <rsweeney@ssbpartners.com>
**Cc:** Frances H. Krasnow (fkrasnow@harrisonheld.com) <fkrasnow@harrisonheld.com>; hhuntington@harrisonheld.com; John J. Scharkey <jscharkey@ssbpartners.com>; Kennedy, John <jkennedy@taftlaw.com>; Czerniak, Allison E. <aczerniak@taftlaw.com>; Coogan, Paul J. <PCoogan@taftlaw.com>
**Subject:** RE: Activity in Case 1:17-cv-05409 Cavelle v. Chicago Transit Authority et al order on motion to intervene

Counsel – what is the status of the agreement between Mr. Cavelle and Ms. Sawka? We would appreciate an update.

Regards,
Elizabeth


To opt in to Taft's daily updates on COVID-19, please **subscribe here**. For news and advice on coronavirus-related implications, please review our **Resource Toolkit** anytime.

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** Babbitt, Elizabeth E.
**Sent:** Friday, March 20, 2020 11:37 AM
**To:** 'Robert D. Sweeney' <rsweeney@ssbpartners.com>
**Cc:** Frances H. Krasnow (fkrasnow@harrisonheld.com) <fkrasnow@harrisonheld.com>; hhuntington@harrisonheld.com; John J. Scharkey <jscharkey@ssbpartners.com>; Kennedy, John <jkennedy@taftlaw.com>; Czerniak, Allison E.

<aczerniak@taftlaw.com>; Coogan, Paul J. <PCoogan@taftlaw.com>
**Subject:** RE: Activity in Case 1:17-cv-05409 Cavelle v. Chicago Transit Authority et al order on motion to intervene

Counsel: please provide us with an update on your discussions. Thank you.

Elizabeth

---

**From:** Robert D. Sweeney <rsweeney@ssbpartners.com>
**Sent:** Tuesday, March 17, 2020 5:17 PM
**To:** Babbitt, Elizabeth E. <ebabbitt@taftlaw.com>
**Cc:** Frances H. Krasnow (fkrasnow@harrisonheld.com) <fkrasnow@harrisonheld.com>; hhuntington@harrisonheld.com;
John J. Scharkey <jscharkey@ssbpartners.com>; Kennedy, John <jkennedy@taftlaw.com>; Czerniak, Allison E.
<aczerniak@taftlaw.com>; Coogan, Paul J. <PCoogan@taftlaw.com>
**Subject:** Re: Activity in Case 1:17-cv-05409 Cavelle v. Chicago Transit Authority et al order on motion to intervene

We intend to speak with counsel for Ms. Sawka this week. We will let you know how those discussions proceed.

Regards,

Bob


**Robert D. Sweeney**
Sweeney, Scharkey & Blanchard LLC
230 West Monroe Street
Suite 1500
Chicago, Illinois 60606
Direct (312) 384-1255
rsweeney@ssbpartners.com
www.ssbpartners.com

SWEENEY | SCHARKEY | BLANCHARD

Confidentiality Notice: This email may contain privileged or confidential information. Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

On Mar 17, 2020, at 4:49 PM, Babbitt, Elizabeth E. <ebabbitt@taftlaw.com> wrote:


Counsel: can you please advise as to the status of the discussions between Mr. Cavelle and Ms. Sawka regarding Ms. Sawka's intervention request?  Defendants would like to know if the two have come to terms on an agreement which might obviate Ms. Sawka's intervention request, and if so, all terms of any such agreement.

Regards,
Elizabeth

**Taft /**

**Elizabeth E. Babbitt**
Partner
ebabbitt@taftlaw.com
Dir: 312.836.4116
Tel: 312.527.4000   |   Fax: 312.966.8556
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601-3713

**Taft Bio**
**Download vCard**
**taftlaw.com**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** usdc_ecf_ilnd@ilnd.uscourts.gov <usdc_ecf_ilnd@ilnd.uscourts.gov>
**Sent:** Monday, March 9, 2020 4:39 PM
**To:** ecfmail_ilnd@ilnd.uscourts.gov
**Subject:** Activity in Case 1:17-cv-05409 Cavelle v. Chicago Transit Authority et al order on motion to intervene

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 6.3.2

## Notice of Electronic Filing

The following transaction was entered on 3/9/2020 at 4:39 PM CDT and filed on 3/9/2020

| | |
|---|---|
| **Case Name:** | Cavelle v. Chicago Transit Authority et al |
| **Case Number:** | 1:17-cv-05409 |
| **Filer:** | |
| **Document Number:** | 154 |

**Docket Text:**
**MINUTE entry before the Honorable Robert M. Dow, Jr: Motion hearing held. Motion by Jennifer Sawka to intervene for limited purposes as a matter of right under Rule 24(a)(2) or, alternatively, permissively under Rule 24(b) [147] is**

**entered and continued to 3/26/2020 at 9:45 a.m. Plaintiff's motion for leave to file his response to Defendants' fee petition instanter [150] is granted. Motion by Defendants Chicago Transit Authority and Dorval Carter, Jr. for leave to file a reply in support of Defendants' fee petition [152] is granted. Notice of motion dates of 3/10/2020 and 3/11/2020 are stricken and no appearances are necessary on those dates. Mailed notice(cdh, )**

**1:17-cv-05409 Notice has been electronically mailed to:**

Robert D. Sweeney     sweeney-ecfs_notice@juralaw.net, rsweeney@ssbpartners.com

Garrett Henry Nye     gnye@sweeneyscharkey.com

John Francis Kennedy     sfdocket@shefskylaw.com, jkennedy@taftlaw.com

John Joseph Scharkey     jscharkey@ssbpartners.com, sweeney-ecfs_notice@juralaw.net

Allison Emma Czerniak     dhamilton@taftlaw.com, chi_docket_assist@taftlaw.com, aczerniak@taftlaw.com

Paul John Coogan     pcoogan@taftlaw.com

Elizabeth Erin Babbitt     pbishton@taftlaw.com, ebabbitt@taftlaw.com, chi_docket_assist@taftlaw.com

Howard LaMar Huntington     lbelmonte@harrisonheld.com, hhuntington@harrisonheld.com

Joanne Hannaway Sweeney     sweeney-ecfs_notice@juralaw.net, jsweeney@ssbpartners.com

**1:17-cv-05409 Notice has been delivered by other means to:**

# EXHIBIT H

**Coogan, Paul J.**

| | |
|---|---|
| **From:** | Babbitt, Elizabeth E. |
| **Sent:** | Thursday, April 23, 2020 4:29 PM |
| **To:** | Robert D. Sweeney; John J. Scharkey |
| **Cc:** | Kennedy, John; Czerniak, Allison E.; Coogan, Paul J. |
| **Subject:** | Cavelle- Outstanding Discovery Issues |

Counsel:

This is to identify the following outstanding discovery issues, none of which have been met with a response by Plaintiff's counsel in our prior correspondence to you. Perhaps a call would be easier if access to internet is a challenge for you and your team at the moment. We require updates regarding the following:

1. We request to image Plaintiff's phone so that we can evaluate evidence and/or metadata which reflect with Plaintiff first came to receive the Lookout Bulletin.
2. We request a disclosure from Plaintiff regarding any decision and/or agreement between Plaintiff and Ms. Sawka regarding Sawka's interest in the lawsuit.
3. We request that Plaintiff supplement discovery with respect to his damages, including all evidence of 2019 earnings and income, as well as any financial arrangement between Plaintiff and Sawka, and the fee arrangement between counsel and Plaintiff.
4. Plaintiff's responses to the written discovery issued February 14, 2020 was due over one month ago, and before any court orders regarding extensions of time. We will file a motion to compel next week if we do not have these responses.
5. Finally, this is a new matter: we request all available contact information for David Marado.

Please provide us with a response promptly, or suggest a time for a telephone call to discuss. We would like to avoid motion practice on these matters.

Regards,

Elizabeth



**Taft /**    **Elizabeth E. Babbitt,** Partner
Litigation
Direct: 312.836.4116 | Office Ext: 34116
Taft Office: Chicago

# EXHIBIT I

**Coogan, Paul J.**

| | |
|---|---|
| **From:** | Robert D. Sweeney <rsweeney@ssbpartners.com> |
| **Sent:** | Wednesday, April 29, 2020 12:24 PM |
| **To:** | Babbitt, Elizabeth E. |
| **Cc:** | Kennedy, John; Czerniak, Allison E.; Coogan, Paul J.; John J. Scharkey |
| **Subject:** | RE: Cavelle- Outstanding Discovery Issues |

Counsel,

With respect to the items raised below, and in furtherance of our discovery conference today, our general positions with respect to each item are set forth as follows:

1. We request to image Plaintiff's phone so that we can evaluate evidence and/or metadata which reflect with [*sic.*] Plaintiff first came to receive the Lookout Bulletin.

    Response:     We do not believe this discovery is in line with the order of Judge Rowland on August 6, Judge Fuentes orders of October 15, January 21 or February 6, nor with Ms. Babbitt's email of February 10.

2. We request a disclosure from Plaintiff regarding any decision and/or agreement between Plaintiff and Ms. Sawka regarding Sawka's interest in the lawsuit.

    Response:     We do not believe a formal "disclosure" is necessary. If you do, please advise what rule you believe would warrant the same. In terms of status, Plaintiff currently has no plan to contest Ms. Sawka's Motion to Intervene.

3. We request that Plaintiff supplement discovery with respect to his damages, including all evidence of 2019 earnings and income, as well as any financial arrangement between Plaintiff and Sawka, and the fee arrangement between counsel and Plaintiff.

    Response:     With respect to Mr. Cavelle's 2019 earnings, and his tax returns, we will inquire whether he has filed a return as of yet and supplement accordingly. With respect to any "financial arrangement" between Sawka and Plaintiff, please let us know what request or rule would require such a disclosure. That being said, without waiving any rights with respect to a formal response regarding the same, we are not aware of any "financial arrangement" outside of their divorce proceeding. With respect to Plaintiff's Engagement Agreement with our firm, we would need to understand what relevance this has to the issues in the case.

4. Plaintiff's responses to the written discovery issued February 14, 2020 was [*sic.*] due over one month ago, and before any court orders regarding extensions of time. We will file a motion to compel next week if we do not have these responses.

    Response:     As you are aware, the overwhelming number of documents responsive to your requests are in the possession of other parties, specifically Robert Kipnis. We are currently attempting to acquire those documents, but until Mr. Kipnis's office is able to reproduce the documents you have requested, there is little we can do about it. We will follow up and see if there is a proposed date for reproduction short of the current lockdown date and advise you accordingly. Given the current circumstances, there is not much else we can do.

5. Finally, this is a new matter: we request all available contact information for David Marado.

Response:     We are not aware of an individual by the name of David Morado.  Please provide us some additional context.  As it stands, we have no contact information for this individual.

Look forward to speaking with you.

Best,



**Robert D. Sweeney**
Sweeney, Scharkey & Blanchard LLC
230 West Monroe Street
Suite 1500
Chicago, Illinois 60606
Direct (312) 384-1255
rsweeney@ssbpartners.com
www.ssbpartners.com

## SWEENEY | SCHARKEY | BLANCHARD

Confidentiality Notice: This email may contain privileged or confidential information. Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

**From:** Babbitt, Elizabeth E. <ebabbitt@taftlaw.com>
**Sent:** Thursday, April 23, 2020 4:29 PM
**To:** Robert D. Sweeney <rsweeney@ssbpartners.com>; John J. Scharkey <jscharkey@ssbpartners.com>
**Cc:** Kennedy, John <jkennedy@taftlaw.com>; Czerniak, Allison E. <aczerniak@taftlaw.com>; Coogan, Paul J. <PCoogan@taftlaw.com>
**Subject:** Cavelle- Outstanding Discovery Issues

Counsel:

This is to identify the following outstanding discovery issues, none of which have been met with a response by Plaintiff's counsel in our prior correspondence to you.  Perhaps a call would be easier if access to internet is a challenge for you and your team at the moment.  We require updates regarding the following:

1.  We request to image Plaintiff's phone so that we can evaluate evidence and/or metadata which reflect with Plaintiff first came to receive the Lookout Bulletin.
2.  We request a disclosure from Plaintiff regarding any decision and/or agreement between Plaintiff and Ms. Sawka regarding Sawka's interest in the lawsuit.
3.  We request that Plaintiff supplement discovery with respect to his damages, including all evidence of 2019 earnings and income, as well as any financial arrangement between Plaintiff and Sawka, and the fee arrangement between counsel and Plaintiff.
4.  Plaintiff's responses to the written discovery issued February 14, 2020 was due over one month ago, and before any court orders regarding extensions of time.  We will file a motion to compel next week if we do not have these responses.
5.  Finally, this is a new matter: we request all available contact information for David Marado.

Please provide us with a response promptly, or suggest a time for a telephone call to discuss.  We would like to avoid motion practice on these matters.

Regards,

Elizabeth

**Taft /**    **Elizabeth E. Babbitt**
Partner
ebabbitt@taftlaw.com
Dir: 312.836.4116
Tel: 312.527.4000 | Fax: 312.966.8556
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601-3713

**Taft Bio**
**Download vCard**
**taftlaw.com**

To opt in to Taft's daily updates on COVID-19, please subscribe here. For news and advice on coronavirus-related implications, please review our Resource Toolkit anytime.

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT J

**Coogan, Paul J.**

| | |
|---|---|
| **From:** | Babbitt, Elizabeth E. |
| **Sent:** | Monday, May 18, 2020 2:09 PM |
| **To:** | Robert D. Sweeney |
| **Cc:** | Kennedy, John; Czerniak, Allison E.; Coogan, Paul J. |
| **Subject:** | Cavelle: Discovery Inquiry |

Bob:

I hope you are well.  I am following up on several issues, none of which have progressed since our meet and confer on April 29.  The following issues remain outstanding.  We ask that you please address them, promptly.

- Plaintiff has not responded or issued any production to the Third Supplemental Requests for Production which were issued over three months ago, on February 14.  We will soon have to file a motion to compel under the Court's current order to preserve our rights on this discovery.
- We need and have asked for contact information for Mr. David Marado.  We intend to depose him.  He is a friend of Plaintiff's; see Cavelle Dep. Tr. 185:14-186:24.  Plaintiff states he knows Marado from the Italian American Club in Bridgeport.
- We also intend to depose Plaintiff, and given the circumstances, we will accept a video deposition at this point. We intend to depose Plaintiff by video on June 16, 2020, at 11 central.  Please confirm that date and time works and we will issue the deposition notice.
- Confirm that Plaintiff has not reached any agreement with Ms. Sawka on intervention, or on any other basis.

Regards,
Elizabeth


**Taft /**   **Elizabeth E. Babbitt,** Partner
Litigation
Direct: 312.836.4116 | Office Ext: 34116
Taft Office: Chicago

1