# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE CAVELLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 CV 05409 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| CHICAGO TRANSIT AUTHORITY, | ) | |
| DORVAL R. CARTER, JR., individually, | ) | |
| JOHN DOE 1, and JOHN DOE 2, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MANDATORY INITIAL DISCLOSURE RESPONSES

Defendants CHICAGO TRANSIT AUTHORITY ("CTA") and DORVAL R. CARTER, JR. (collectively, the "Defendants"), by and through their attorneys Joel D. Bertocchi, Grace E. Mangieri, and Kenneth E. Yeadon of Hinshaw & Culbertson LLP, serve their Mandatory Initial Disclosure Responses on Plaintiff George Cavelle. Defendants have also filed with the Court a notice of service of these initial mandatory disclosures.

## DISCLOSURES

**1.    State the names and, if known, the addresses and telephone numbers of all persons who you believe are likely to have discoverable information relevant to any party's claims or defenses, and provide a fair description of the nature of the information each such person is believed to possess.**

**Response:**

(1)    Plaintiff George Cavelle
c/o Robert D. Sweeney and John J. Scharkey
Sweeney & Scharkey, LLC
111 West Washington Street, Ste. 1160
Chicago, IL 60602

(312) 384-0500

The Plaintiff is believed to possess discoverable information regarding the circumstances surrounding his job performance at and his separation from the CTA, the Holiday Train Fund, his communications with King County Transit, and other matters alleged in the Complaint.

(2)     Symone Amos
        Officer, Construction, Occupational & Environmental Safety, Chicago Transit Authority
        567 West Lake Street
        Chicago, IL 60661
        (312) 681-2782

Ms. Amos is believed to have discoverable information relating to the circumstances surrounding the Plaintiff's separation from the CTA and other matters alleged in the Complaint.

(3)     Donald Bonds
        Interim Chief Transit Officer, Chicago Transit Authority
        567 West Lake Street
        Chicago, IL 60661
        (312) 681-4550

Mr. Bonds is believed to possess discoverable information relating to the circumstances surrounding the Holiday Train Fund and other matters alleged in the Complaint.

(4)     Michael Bowen
        Director, Compensation, Benefits & HRIS, Chicago Transit Authority
        567 West Lake Street
        Chicago, IL 60661
        (312) 681-2273

Mr. Bowen is believed to possess discoverable information relating to an inquiry from King County Metro Transit regarding the Plaintiff and other matters alleged in the Complaint.

(5)     Omar Brown
        Former Vice President, Human Resources, Chicago Transit Authority
        203 Ridge Ave., Apt. 1
        Evanston, IL 60202

2

Mr. Brown is believed to have discoverable information relating to the circumstances surrounding the Plaintiff's separation from the CTA and other matters alleged in the Complaint.

(6)     Ken Buford
        Former Vice President, COO, Chicago Transit Authority
        42 West Lemoyne Street
        Oak Park, IL 60302
        (708) 386-2423/(312) 301-0160

Mr. Buford is believed to have discoverable information relating to a proposed agreement with the ATU Local 241 facilitated by the Plaintiff, the circumstances surrounding the Plaintiff's separation from the CTA, and other matters alleged in the Complaint.

(7)     Thomas Byrne
        Former Manager, Elevated Station Maintenance, Chicago Transit Authority
        10152 South Trumbull Street
        Evergreen Park, IL
        (708) 424-2043

Mr. Byrnes is believed to have discoverable information relating to the circumstances surrounding the Plaintiff's separation from the CTA and other matters alleged in the Complaint.

(8)     Dorval R. Carter, Jr.
        President, Chicago Transit Authority
        567 West Lake Street
        Chicago, IL 60661
        (312) 681-5000

Mr. Carter is believed to have discoverable information relating to the circumstances surrounding the Plaintiff's job performance at and separation from the CTA, the Holiday Train Fund, communications with Sound Transit and King County Metro Transit regarding the Plaintiff, and other matters alleged in the Complaint.

(9)     Jay Charoenrath
        GM, Bus Engineering & Technical Services, Chicago Transit Authority
        567 West Lake Street
        Chicago, IL 60661
        (773) 846-6712

Mr. Charoenrath is believed to have discoverable information relating to the Plaintiff's prospective employment with King County Transit, the circumstances surrounding the Plaintiff's separation from the CTA, and other matters alleged in the Complaint.

(10)   Linda Davis
       Senior Manager, Payroll, Chicago Transit Authority
       567 West Lake Street
       Chicago, IL 60661
       (312) 681-3489

Ms. Davis is believed to have discoverable information relating to the Holiday Train Fund and other matters alleged in the Complaint.

(11)   James D'Amico
       Vice President, Facilities Maintenance, Chicago Transit Authority
       567 West Lake Street
       Chicago, IL 60661
       (773) 722-4737

Mr. D'Amico is believed to have discoverable information relating to the circumstances surrounding the termination of former CTA employee Frank Schmeda, the Plaintiff's job performance at and separation from the CTA, and other matters alleged in the Complaint.

(12)   Ryan Ernst
       Former Project Specialist II, Warehousing, Chicago Transit Authority
       5643 West Gunnison Street
       Chicago, IL 60630
       (773) 640-0924/(773) 282-5259

Mr. Ernst is believed to have discoverable information relating to the circumstances surrounding the Plaintiff's separation from the CTA and other matters alleged in the Complaint.

(13)   Sylvia Garcia
       Chief of Staff, Chief Operating Officer, Chicago Transit Authority
       567 West Lake Street
       Chicago, IL 60661
       (312) 681-5010

Ms. Garcia is believed to have discoverable information relating to the circumstances surrounding the Plaintiff's job performance at and separation from the CTA and other matters alleged in the Complaint.

(14)    Daryl Gatewood
        Former Senior Manager, Janitorial Support Staff, Chicago Transit Authority
        10620 South Eggleston Avenue
        Chicago, IL 60628

Mr. Gatewood is believed to have discoverable information relating to the circumstances surrounding the termination of former CTA employee Frank Schmeda, the Plaintiff's separation from the CTA, and other matters alleged in the Complaint.

(15)    Maria Gonzalez
        Assistant II, Infrastructure, Chicago Transit Authority
        567 West Lake Street
        Chicago, IL 60661
        (312) 681-4558

Ms. Gonzalez is believed to have discoverable information relating to the Holiday Train Fund and other matters alleged in the Complaint.

(16)    James Guidone
        Coordinator, Rail Janitor, Chicago Transit Authority
        567 West Lake Street
        Chicago, IL 60661
        (847) 745-9118

Mr. Guidone is believed to have discoverable information relating to the circumstances surrounding the Plaintiff's separation from the CTA and other matters alleged in the Complaint.

(17)    Sarah Guidone
        Senior Manager, Supply Chain Projects, Chicago Transit Authority
        567 West Lake Street
        Chicago, IL 60661
        (312) 932-2110

Ms. Guidone is believed to have discoverable information relating to the circumstances surrounding the Plaintiff's separation from the CTA and other matters alleged in the Complaint.

(18)    Abigail Gualberto
        Former Manager, Facility Engineering & Technical Services, Chicago Transit Authority
        7912 110th Avenue SE Apt. 704

Newcastle, WA 98056

Ms. Gualberto is believed to have discoverable information relating to the circumstances surrounding the Plaintiff's separation from the CTA and other matters alleged in the Complaint.

(19)     James Higgins
         Manager, Security Services, Chicago Transit Authority
         567 West Lake Street
         Chicago, IL 60661
         (312) 681-4567

Mr. Higgins is believed to have discoverable information relating to the document attached to Plaintiff's Complaint as Exhibit B and other matters alleged in the Complaint.

(20)     Brad Jansen
         Deputy General Counsel, Labor & Employment, Law Department
         Chicago Transit Authority
         567 West Lake Street
         Chicago, IL 60661
         (312) 681-2950

Mr. Jansen is believed to have discoverable information regarding the Plaintiff's separation from the CTA, an inquiry from King County Metro Transit regarding the Plaintiff, and other matters alleged in the Complaint.

(21)     James Keating
         Former Vice President, Security, Chief, Chicago Transit Authority
         422 West 37th Place
         Chicago, IL 60609
         (773) 208-3098/(312) 671-0184

Mr. Keating is believed to have discoverable information relating to the document attached to Plaintiff's Complaint as Exhibit B, the events surrounding the Plaintiff's separation from the CTA, and other matters alleged in the Complaint.

(22)     Erin Kleist-Gaynor
         Director, Strategy & Business Operations, Chief Operation Officer, Chicago
         Transit Authority
         567 West Lake Street
         Chicago, IL 60661
         (312) 681-4506

6

Ms. Kleist-Gaynor is believed to have discoverable information relating the Holiday Train Fund, the Plaintiff's job performance at and separation from the CTA, and other matters alleged in the Complaint.

(23)  David Kowalski
Former Senior Advisor, Chief Operating Officer, Chicago Transit Authority
1874 Cedar Court
Des Plaines, IL 60018
(847) 296-4744

Mr. Kowalski is believed to have discoverable information relating to the Plaintiff's job performance at and separation from the CTA, the Holiday Train Fund, and other matters alleged in the Complaint.

(24)  Jeanette Martin-Freeman
Former Deputy Chief of Staff, Chief Administrative Officer
Chicago Transit Authority
11407 South Hermosa
Chicago, IL 60643
(773) 233-8277/(312) 907-3438

Ms. Martin-Freeman is believed to have information relating to the Plaintiff's job performance at and separation from the CTA and other matters alleged in the Complaint.

(25)  Michael McLaughlin
Deputy Chief of Staff, Chief Administrative Officer, Chicago Transit Authority
567 West Lake Street
Chicago, IL 60661
(312) 681-5007

Mr. McLaughlin is believed to have discoverable information relating to the Plaintiff's job performance at and separation from the CTA and other matters alleged in the Complaint.

(26)  Colleen McNicholas
Former Manager, GM, Facilities Engineering & Technical Services, Chicago Transit Authority
567 West Lake Street
Chicago, IL 60661

Ms. McNicholas is believed to have information relating to Plaintiff's job performance at and separation from the CTA and other matters alleged in the Complaint.

(27)   Maria Roberts
       Executive Assistant II, Operations, Chicago Transit Authority
       567 West Lake Street
       Chicago, IL 60661
       (847) 982-5147

Ms. Roberts is believed to have discoverable information relating to the Holiday Train Fund and other matters alleged in the Complaint.

(28)   Tommy Sams
       Clerk, Rail Maintenance Training
       ATU 241 Union Representative
       Chicago Transit Authority
       (312) 664-7200 Ext. 12215

Mr. Sams is believed to have discoverable information relating to a proposed agreement the Plaintiff facilitated with ATU Local 241 and other matters alleged in the Complaint.

(29)   Frank Schmeda
       Former Manager, Janitorial Services, Chicago Transit Authority
       6205 North LaCrosse Avenue
       Chicago, IL 60646
       (773) 629-1711

Mr. Schmeda is believed to have discoverable information regarding his termination from the CTA and other matters alleged in the Complaint.

(30)   Karen G. Seimetz
       General Counsel Law Department
       Chicago Transit Authority
       567 West Lake Street
       Chicago, IL 60661
       (312) 681-2900

Ms. Seimetz is believed to have discoverable information relating to the CTA Holiday Train Fund, attorney-client privileged communications with Dorval Carter relating to the Plaintiff, and other matters alleged in the Complaint."

(31)  Timothy Telkes
      Former Manager, Blue/Pink Station Maintenance, Chicago Transit Authority
      5215 North Potawatomie Street, Apt. 303
      Chicago, IL 60656
      (847) 452-2464/(773) 725-1748

Mr. Telkes is believed to have information relating to Plaintiff's job performance at and separation from the CTA and other matters alleged in the Complaint.

(32)  Dana Westley
      Former Assistant, Human Resources, VP, Chicago Transit Authority
      5724 North Talman
      Chicago, IL 60659

Ms. Westley is believed to have information relating to Plaintiff's job performance at and separation from the CTA and other matters alleged in the Complaint.

(33)  Seth Wilson
      Former Senior Project Manager, Control Center, Chicago Transit Authority
      Contact information to be provided

Mr. Wilson is believed to have discoverable information relating to the Plaintiff's job performance at and separation from the CTA, the circumstances surrounding the termination of former CTA employee Frank Schmeda, and other matters alleged in the Complaint.

(34)  Peter Rogoff
      Chief Executive Officer, Sound Transit
      c/o Robin Rock Murphy, Esq.
      Senior Legal Counsel, Sound Transit
      401 South Jackson Street, Seattle, WA 98104
      (206) 398-5201

Mr. Rogoff is believed to have discoverable information regarding communications relating to the circumstances of the Plaintiff's separation from the CTA and other matters alleged in the Complaint.

(35)  Susan Eddy
      Special Projects Manager II, King County Department of Transportation, Transit Division
      c/o Susan Slonecker, Esq.
      Senior Deputy Prosecuting Attorney,

King County Prosecuting Attorney's Office
500 Fourth Avenue, Ste. 900, Seattle, WA 98104
(206) 477-9488

Ms. Eddy is believed to have discoverable information relating to communications King County Metro Transit had with the CTA regarding the Plaintiff, his communications with the Plaintiff, King County Metro's recruitment of candidates for the vehicle maintenance manager's director's position, the decision to rescind a job offer to the Plaintiff, and other matters alleged in the Complaint.

(36)   Robert Gannon
       General Manager, King County Department of Transportation
       c/o Susan Slonecker, Esq.
       Senior Deputy Prosecuting Attorney, King County Prosecuting Attorney's Office
       500 Fourth Avenue, Ste. 900, Seattle, WA 98104
       (206) 477-9488

Mr. Gannon is believed to have discoverable information relating to communications King County Metro Transit had with the CTA regarding the Plaintiff, his communications with the Plaintiff, King County Metro's recruitment of candidates for the vehicle maintenance manager's director's position, the decision to rescind a job offer to the Plaintiff, and other matters alleged in the Complaint.

(37)   Nancy Buonanno-Grennan
       Former Interim Deputy General Manager for Internal & Employee Services, King County Department of Transportation, Transit Division
       c/o Susan Slonecker, Esq.
       Senior Deputy Prosecuting Attorney, King County Prosecuting Attorney's Office
       500 Fourth Avenue, Ste. 900, Seattle, WA 98104
       (206) 477-9488

Ms. Buonanno-Grennan is believed to have discoverable information relating to communications King County Metro Transit had with the CTA regarding the Plaintiff, her communications with the Plaintiff, King County Metro's recruitment of candidates for the vehicle maintenance manager's director's position, the decision to rescind a job offer to the Plaintiff and other matters alleged in the Complaint.

(38)   Celia Kupersmith, Paul Muldoon, and Al Schlimm
       KL2 Connects, LLC
       15 Baird Lane, Ashville, NC 28804
       (828) 645-2929

10

Ms. Kupersmith, Mr. Muldoon, and Mr. Schlimm are believed to have discoverable information relating to King County Metro Transit's recruitment process for the position of Vehicle Maintenance Manager, and other matters alleged in the Complaint.

(39)  Forest Claypool
      Contact information to be provided

Mr. Claypool is believed to have discoverable information regarding the Plaintiff's job performance at and separation from the CTA, his prospective employment with King County Metro Transit, and other matters alleged in the Complaint.

**2.     State the names and, if known, the addresses and telephone numbers of all persons who you believe have given written or recorded statements relevant to any party's claims or defenses. Unless you assert a privilege or work product protection against disclosure under applicable law, attach a copy of each such statement if it is in your possession, custody, or control. If not in your possession, custody, or control, state the name and, if known, the address and telephone number of each person who you believe has custody of a copy.**

**Response**: None at this time.

**3.     List the documents, electronically stored information ("ESI"), tangible things, land, or other property known by you to exist, whether or not in your possession, custody or control, that you believe may be relevant to any party's claims or defenses. To the extent the volume of any such materials makes listing them individually impracticable, you may group similar documents or ESI into categories and describe the specific categories with particularity. Include in your response the names and, if known, the addresses and telephone numbers of the custodians of the documents, ESI, or tangible things, land, or other property that are not in your possession, custody, or control. For documents and tangible things in your possession, custody, or control, you may produce them with your response, or make them available for inspection on the date of the response, instead of listing them. Production of ESI will occur in accordance with paragraph C.2 in the Mandatory Initial Discovery Pilot Project Standing Order.**

**<u>Response:</u>**

A.     Defendants have in their possession the following documents and/or categories of documents that they may use to support their claims and defenses in this matter, and which may be reviewed at a mutually agreed time at Hinshaw & Culbertson LLP's offices:

(1) the Plaintiff's CTA personnel file; (2) 2015 Executive Organization Chart for the CTA; (3) Chief Transit Operations Officer job description; (4) the Plaintiff's travel records and travel vouchers; (5) September 2, 2015 cashier's check remitted by the Plaintiff and payable to the order of the Chicago Patrolmen's Credit Union for $6,117.47; (6) Chicago Patrolmen's Credit Union records for an account in the name of the Holiday Food Train; (7) King County Metro Transit's employment file, including recruitment briefing book, final offer, final interview, candidate questions, feedback, references, vehicle maintenance managing director job description, and candidate survey; (8) August 2016 emails received by Dorval Carter and sent to Peter Rogoff relating to the Plaintiff; (9) an August 2016 email from former CTA employee James Keating to Sylvia Garcia; (10) documents relating to the termination of the employment of former CTA employee Frank Schmeda; (11) calendar entry by Brad Jansen regarding a message to the CTA from Susan Eddy; (12) Michael McLaughlin's notes regarding the Plaintiff's separation from the CTA ; and (13) Sylvia Garcia's notes regarding the Plaintiff's separation from the CTA.

B.     The following is a list of documents and/or categories of documents not in Defendants' possession that Defendants may use to support their claims and

12

defenses in this matter: (1) bank records regarding the Holiday Train Fund from Chicago Patrolman's Federal Credit Union; (2) documents from executive search firm KL2 Connects, LLC; (3) emails and calendars in the possession of King County Transit relating to its decision to offer employment to the Plaintiff and rescind its offer of employment to the Plaintiff and other matters alleged in the Complaint; (4) a proposed agreement the Plaintiff facilitated with ATU Local 241; (5) Plaintiff's personal emails relating to matters alleged in the Complaint; and (6) Plaintiff's financial information, including bank records and credit cards accounts

C.     Electronically Stored Information ("ESI"). At this time, ESI is expected to include emails from George Cavelle, Dorval Carter, Sylvia Garcia, Michael McLaughlin, Ryan Ernst, Elizabeth Grisanzio, Maria Gonzalez, Maria Roberts, Sarah Guidone, David Kowalski, and Jeanette Martin. Production of ESI will occur in accordance with the Standing Order Regarding the Mandatory Initial Discovery Pilot Project.

**4.     For each of your claims or defenses, state the facts relevant to it and the legal theories upon which it is based.**

**<u>Response:</u>** As set forth in the Defendants' Affirmative Defense in their Answer to the Complaint, the Plaintiff's claims are barred or limited because there was a qualified privilege that attached to any communications that Defendants allegedly made to King County Metro Transit plead in the Complaint, including, as set forth in paragraphs 71 and 78 of the Complaint, "accusing Plaintiff of criminal activity relative to the CTA's Holiday Train Fund, telling King County Metro Transit officials that Cavelle was terminated for taking funds from CTA, and

stating that he was terminated instead of Cavelle resigning." Defendants acted in good faith, and without malice, in making the alleged statements to King County Metro Transit officials, and any alleged statements were made in connection with King County Metro Transit's interest in operating a safe, secure, and reliable public transportation system. Defendants' alleged statements were limited in scope to matters relating to Cavelle's CTA employment, made in connection with Plaintiff's prospective employment with King County Metro Transit, and publicized to the proper King County Metro Transit officials.

**5. Provide a computation of each category of damages claimed by you, and a description of the documents or other evidentiary material on which it is based, including materials bearing on the nature and extent of the injuries suffered. You may produce the documents or other evidentiary materials with your response instead of describing them.**

**Response:** Defendants do not claim damages at this time.

**6. Specifically identify and describe any insurance or other agreement under which an insurance business or other person or entity may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse a party for payments made by the party to satisfy the judgment. You may produce a copy of the agreement with your response instead of describing it.**

**Response:** The CTA is self-insured, and defendant Carter has been indemnified by the CTA.

## <u>CERTIFICATION</u>

I, Kenneth E. Yeadon, the undersigned attorney, certify that the Defendants' Mandatory Initial Disclosure Responses were true and correct as of the time the responses were made, based on my knowledge, information, and belief formed after a reasonable inquiry.

Respectfully submitted,

CHICAGO TRANSIT AUTHORITY and DORVAL R. CARTER, JR.,

By:    <u>/s/ Kenneth E. Yeadon</u>
Joel D. Bertocchi
Grace E. Mangieri
Kenneth E. Yeadon
Hinshaw & Culbertson, LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone: (312) 704-3000

DATED: October 14, 2017

15