**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GEORGE CAVELLE,<br><br>    Plaintiff,<br><br>    v.<br><br>CHICAGO TRANSIT AUTHORITY and DORVAL R. CARTER, JR.,<br><br>    Defendants. | Case No.: 17-cv-05409<br><br>Judge Robert M. Dow, Jr.<br><br>Magistrate Judge Gabriel A. Fuentes |

## PARTIES' JOINT STATUS REPORT

Pursuant to Judge Dow's Orders dated May 4, 2020 and June 1, 2020, and Magistrate Judge Fuentes's Order dated May 5, 2020, Plaintiff George Cavelle ("Plaintiff") and Defendants Chicago Transit Authority ("CTA") and Dorval Carter, Jr. ("President Carter") (collectively, "Parties") submit the following report summarizing the status of the case:

**I. Pleadings**

    **A. Defendants' Motion for Judgment on the Pleadings**

On July 9, 2019, Plaintiff filed his First Amended Complaint. (Dkt. 102.) Pursuant to the Court's order dated February 11, 2020 (Dkt. 144), Defendants filed their Answer to Plaintiff's First Amended Complaint on March 13, 2020. (Dkt. 156.) On the same day, Defendants filed a Motion for Judgment on the Pleadings, arguing that any claims based on Exhibit B to Plaintiff's First Amended Complaint are time barred. (Dkt. 157.)

Plaintiff has not yet filed a response to that Motion. The Court's February 11, 2020 Order set Plaintiff's response to be due on April 6, 2020. (Dkt. 144.) However, that deadline was extended by operation of the Court's three General Orders regarding the COVID-19 public emergency, the first of which was entered on March 16, 2020. (Dkt. 159, 163, 167.) The Court has

asked that the Parties propose a briefing schedule for this motion. (Dkt. 174.) The Parties propose the following briefing schedule for Defendants' Motion: Plaintiff's response to Defendants' Motion for Judgment on the Pleadings is due to be filed on July 2, 2020; Defendants' reply is due to be filed on July 16, 2020.

### B. Defendants' Fee Petition

On January 13, 2020, the Court entered an Order adopting, in part, former Magistrate Judge Rowland's Report and Recommendations regarding sanctions against Plaintiff and Plaintiff's counsel. (Dkt. 138.) Pursuant to that Order, Defendants filed their Petition for Attorneys' Fees and Costs on January 31, 2020. (Dkt. 141.) Plaintiff filed his Response in Opposition to Defendants' Petition on March 4, 2020. (Dkt. 151.) Then, on March 9, 2020, the Court granted Defendants' Motion for Leave to File a Reply in Support of Defendants' Fee Petition on or before March 20, 2020. (Dkt. 154.) That deadline was also extended by operation of the Court's Amended General Orders regarding the COVID-19 public emergency, the first of which was entered on March 16, 2020. (Dkt. 159, 163, 167.) Pursuant to the extensions set forth in those Orders, Defendants' Reply in Support of Defendants' Fee Petition was filed on June 5, 2020. The fee petition is fully briefed: petition (Dkt. 138); response (Dkt. 151); and reply (Dkt. 176).

### C. Jennifer Sawka's Motion to Intervene

On February 29, 2020, Plaintiff's ex-wife, Jennifer Sawka, filed a Motion to Intervene. (Dkt. 147.) At a hearing on March 9, 2020, the Court entered and continued Ms. Sawka's Motion to Intervene to March 26, 2020, in order to allow Plaintiff and Ms. Sawka to confer and determine whether they might reach a resolution that would obviate Ms. Sawka's motion. (Dkt. 154.) On March 19, 2020, the Court continued the hearing on the Motion to Intervene until April 7, 2020. (Dkt. 161.) However, on April 5, 2020, the Court entered another minute order continuing the hearing until May 5, 2020. (Dkt. 165.) The Court continued the hearing again in an order dated

May 4, 2020, and it is now set for status on June 12, 2020. (Dkt. 169.) Plaintiff reports that, while he has not reached an agreement with Ms. Sawka to intervene, Plaintiff does not intend to oppose Ms. Sawka's intervention. Defendants intend to oppose Ms. Sawka's intervention. Defendants and Ms. Sawka propose the following briefing schedule: Defendants' opposition in response to motion for intervention to be filed on or before June 30, 2020; and Sawka's reply due on or before July 28, 2020. Additionally, in the event that the Court grants Ms. Sawka's motion, Defendants respectfully request that they be granted leave to issue written discovery on Ms. Sawka and depose her.

## II. Fact Discovery

On August 6, 2019, then-Magistrate Judge Rowland entered an order stating that fact discovery was closed, with two exceptions. (Dkt. 114.) First, former Magistrate Judge Rowland granted Plaintiff's request to take one additional deposition, that of former CTA employee James Keating. (*Id.*) Second, Judge Rowland acknowledged that Defendants reserved their right to take additional discovery based on the new claims in Plaintiff's First Amended Complaint. (*Id.*) On April 30, 2020, Magistrate Judge Fuentes entered an order setting June 26, 2020 as the cutoff date for all supplemental discovery. (Dkt. 168.)

### A. Oral Discovery

As to Mr. Keating's deposition, Defendants' counsel has provided Plaintiff with numerous dates on which Mr. Keating is available, and also indicated that Mr. Keating is generally available to sit for his deposition in the months of May and June. Plaintiff's counsel has not issued a notice for Mr. Keating's deposition, but is proposing June 29, 30 and July 1 to take the deposition by video transmission.

On May 28, 2020, Defendants issued a subpoena for the deposition of David Marano, an acquaintance of Plaintiff's who is believed to have relevant information regarding the CTA

Holiday Train Fund, including the manner in which Plaintiff returned the Holiday Train Fund after he resigned from the CTA. Mr. Marano's deposition is currently scheduled for June 9, 2020. The Parties have also agreed to conduct the continuation of Plaintiff's deposition remotely via videoconferencing. Defendants have issued a notice scheduling Plaintiff's deposition for June 16, 2020. However, as set forth below, Defendants have outstanding discovery requests to which they will require responses with sufficient time before Plaintiff's deposition so as to avoid unfair surprise. Ms. Sawka was previously deposed as a fact witness in this matter. In the event Jennifer Sawka is permitted to intervene, Defendants will request leave to depose her as a party on issues including, but not limited to, her interest (financial and otherwise) in the outcome of this case.

### B. Written Discovery

On February 14, 2020, the CTA issued its Third Supplemental Requests for Production to Plaintiff, seeking documents relevant to Plaintiff's newly added claims. Plaintiff's responses were due on March 16, 2020. (Dkt. 143.) On April 29, 2020, Plaintiff's counsel and Defendants' counsel participated in a telephonic Rule 37 conference because Plaintiff had not yet responded to CTA's Third Supplemental Requests. On June 1, 2020, Magistrate Judge Fuentes entered an order stating that Plaintiff's responses to CTA's Requests are due on June 26, 2020. (Dkt. 175.) In the event Ms. Sawka is permitted to intervene into the case as a party, Defendants intend to propound written discovery upon her.

### C. Third Party Subpoenas

On May 28, 2020, in an effort to expedite production of certain documents which may be responsive to the outstanding written discovery propounded upon Cavelle, Defendants also issued subpoenas for documents to Cavelle divorce attorney Kipnis and Jennifer Sawka. On June 3, 2020, Attorney Kipnis informed Defendants that he currently does not have access to the requested documents, as his office is closed, and that he does not know when he will have access. Mr. Kipnis

4

indicates that he will respond to this subpoena on or before July 15, 2020. Ms. Sawka also requests an extension of time to respond to the subpoena.

The current deadline for the close of fact discovery is June 26, 2020. (*See* Dkt. 168.) However, at this time, the Parties respectfully request that the close of fact discovery be extended to July 27, 2020. Plaintiff's responses to written discovery are due on June 26, 2020, per the Court's Order. (Dkt. 175.) Defendants intend to depose Plaintiff after receiving Plaintiff's outstanding written discovery, and thus will require additional time past the current close of discovery to depose Plaintiff. Additionally, in the event that the Court permits Ms. Sawka to intervene (after the briefing is concluded and the Court has an opportunity to rule), Defendants may seek an extension of the fact discovery deadline to allow for written discovery propounded on Ms. Sawka, as well as her deposition. All other fact discovery would remain closed.

This case has not yet been set for trial, and there is no briefing schedule in place for any motions for summary judgment.

Dated: June 9, 2020

George Cavelle

Respectfully submitted,

Chicago Transit Authority and Dorval Carter, Jr.

/s/ Robert D. Sweeney
One of his attorneys

Robert D. Sweeney
(rsweeny@ssbpartners.com)
John J. Scharkey
(jscharkey@ssbpartners.com)
Joanne H. Sweeney
(jsweeney@ssbpartners.com)
Sweeney Scharkey & Blanchard LLC
230 West Monroe Street, Suite 1500
Chicago, IL 60606
(312) 384-1257

27317535.7

/s/ Elizabeth E. Babbitt
One of their attorneys

John F. Kennedy
(jkennedy@taftlaw.com)
Elizabeth E. Babbitt
(ebabbitt@taftlaw.com)
Allison E. Czerniak
(acerniak@taftlaw.com)
Paul J. Coogan
(pcoogan@taftlaw.com)
Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
(312) 527-4000

5