# EXHIBIT A

FIRM I.D. 40190

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE: THE MARRIAGE OF: | ) | |
| | ) | Judge Edward A. Arce |
| JENNIFER M. CAVELLE, | ) | AUG 22 2017 |
| | ) | Circuit Court - 1980 |
| Petitioner, | ) | |
| | ) | |
| and | ) | No. 16 D 003534 |
| | ) | |
| GEORGE R. CAVELLE, | ) | |
| | ) | ___6___ #pages, with/without MSA |
| Respondent. | ) | |

## JUDGMENT FOR DISSOLUTION OF MARRIAGE

THIS CAUSE COMING TO BE HEARD upon the Petition for Dissolution of Marriage ("Petition") of the Petitioner, Jennifer M. Cavelle, and upon the Stipulation by Petitioner, Jennifer M. Cavelle ("Jennifer"), and Respondent, George R. Cavelle ("George"), that the above-entitled cause may proceed to an immediate hearing upon the Petition of the Petitioner as an uncontested matter; the Petitioner appearing in open Court in her own proper person, and by her attorneys, Frances H. Krasnow of the law firm of Harrison & Held, LLP, and the Respondent appearing by his attorney, Kristina L. Jarvis of the Law Offices of Kristina L. Jarvis, P.C., the Court having heard testimony in open Court, and the Court considering all of the evidence, and now being fully advised in the premises finds as follows:

I.    The Petitioner is a resident of the State of Illinois and has maintained a residence in the State of Illinois for more than 90 days next preceding the

commencement of this action, and next preceding the making of this finding. The Petitioner resides in Chicago, Illinois.

II. The Respondent is a resident of the State of Florida and formerly maintained a residence in the State of Illinois.

III. The parties hereto were lawfully married on September 22, 2005 in Las Vegas, Nevada. The marriage is registered in Las Vegas County, Nevada. There were no children born of this marriage, no children were adopted and Petitioner acknowledges that she is not currently pregnant.

IV. The parties have lived separate and apart for a minimum of six months. Irreconcilable differences between the parties have caused an irretrievable breakdown of the marriage. Efforts at reconciliation have failed and future attempts at reconciliation would be impracticable and not in the best interests of the parties.

V. The Court having examined the Marital Settlement Agreement ("Agreement") and having been informed of the circumstances of the parties, FINDS that the Agreement was entered into by the parties freely and voluntarily, without force or coercion from anyone; the Agreement is fair and equitable and not unconscionable; and the Agreement should be approved by the Court and incorporated by reference as if set forth *verbatim* herein into this Judgment for Dissolution of Marriage ("Judgment"). All provisions of the Agreement are expressly approved and adopted as the order of this Court to the same extent and with the same force and effect as if the entire Agreement were physically attached

CTA 0012156

to this Judgment and set forth *verbatim* in this Paragraph as the decree of this Court.

VI. Petitioner has established by competent, material, and relevant proof the allegations contained in her Petition, and this Court has jurisdiction of the parties to this cause and of the subject matter hereof.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, and this Court by virtue of the power and authority therein vested and the Statute in such case made and provided, DOTH HEREBY ORDER, ADJUDGE AND DECREE as follows:

A. A Judgment for Dissolution of Marriage is awarded to both of the parties. Accordingly, the bonds of matrimony existing between the Petitioner, Jennifer M. Cavelle, and the Respondent, George R. Cavelle, be and the same are hereby dissolved, and the parties are, and each of them is, freed from the obligations thereof, and are herewith divorced from each other.

B. The Agreement between Jennifer and George is incorporated herein by reference only, and is hereby incorporated into this Judgment, and all of the provisions of the Agreement are expressly ratified, confirmed, approved and adopted as the orders of this Court to the same extent and with the same force and effect as if those provisions were set forth *verbatim* in this Paragraph as the decree of this Court.

CTA 0012157

C. The Petitioner has waived her rights to alimony, maintenance and spousal support. Accordingly, all rights, claims and demands of Petitioner against Respondent to alimony, maintenance, and spousal support, whether past, present, or future, temporary or permanent, are hereby forever barred, terminated and ended from now until the end of time.

D. The Respondent has waived his rights to alimony, maintenance and spousal support. Accordingly, all rights, claims and demands of Respondent against Petitioner to alimony, maintenance, and spousal support, whether past, present, or future, temporary or permanent, are hereby forever barred, terminated and ended from now until the end of time.

E. Petitioner and Respondent shall perform, execute, and carry out the provisions of the Agreement incorporated herein, and this Court retains jurisdiction over the parties to this cause and the subject matter thereof for the following purposes: (a) to enforce the provisions of the Agreement incorporated herein; and (b) to adjudicate any other issues that may arise where the parties have requested that the Court reserve jurisdiction in the Agreement incorporated herein, or where jurisdiction is reserved by operation of law.

F. The inchoate or other rights of dower, homestead, claim or title, contingent, reversionary or otherwise, and any rights of courtesy and descent, and all other rights and claims of each party in and to the marital property and the non-marital property of the other party, real, personal or mixed, shall be and the same are hereby forever relinquished, released, barred, terminated and ended, and

CTA 0012158

during their respective lifetimes each of the parties hereto may deal with his or her separate estates as if the said parties hereto had never been married to each other, and upon the death of either of them, the property, real, personal or mixed, then owned by him or her shall pass by his or her Will, or under the laws of descent (as the case may be), free from any right, statutory or otherwise, inheritance, dower, title, or claim of the other party, and as if the parties hereto had never been married to each other. Neither the Petitioner nor the Respondent herein shall, at any time hereafter, sue the other of them, or his or her (as the case may be) heirs, executors, administrators, or assigns for the purpose of enforcing any or all of the rights specified in and relinquished, waived, discharged, released, barred, and terminated hereunder; provided, however, that nothing herein contained shall release, limit, modify or abridge the obligation of the parties fully to perform, execute and carry out the provisions of the Agreement incorporated herein.

G. With the exception of the obligations set forth in the Agreement, all rights, claims and demands, of every kind, nature and description, which each party has or may hereafter have, or claim to have against the other, including all liabilities now or at any time hereinafter existing between the parties hereto, shall be and the same are forever discharged, extinguished, released and ended; and all matters and charges whatsoever, and any and all manner of actions or causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, claims, torts, and demands whatsoever in law or in equity, which each party ever had, has or which he or she, his or her heirs, executors, administrators or

CTA 0012159

assigns, or any of them, hereafter can, shall or may have against the other (as the case may be) for or by reason of any cause, matter or thing whatsoever, from the beginning of the world to the date hereof, shall be and the same are forever released, discharged, barred, terminated and extinguished; provided, however, nothing herein contained shall release, limit, modify, or abridge the obligation of the parties to perform, execute and carry out the provisions of the Agreement incorporated herein.

      H.    Jennifer is hereby given leave to resume the use of her original surname, Jennifer Sawka, if she so chooses.

ENTER:

JUDGE:

**AGREED AND ACCEPTED:**

JENNIFER M. CAVELLE

By: One of her attorneys

GEORGE R. CAVELLE

By: One of his attorneys

Frances H. Krasnow
**Harrison & Held, LLP**
333 W. Wacker Drive, Suite 1700
Chicago, Illinois 60606
Telephone: 312.332.1111
Facsimile: 312.332.1150
*Attorneys for Petitioner*
**FIRM I.D. 40190**

CTA 0012160